IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GEORGIA GREEN, #302-112       * | |
|         Plaintiff | |
|                   * | |
| v.                                                                     | Civil Action No. PJM-06-1608 |
|                   * | |
| OFFICER BURBUROW, et al., | |
|         Defendants       * | |
|                  ****** | |

## **MEMORANDUM OPINION**

Defendant Lt. McCoy has moved for dismissal against Plaintiff David Brightwell. Paper No. 31. Plaintiff has filed a response.[1] Paper No. 15. The issues in the motion has have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Defendant will be granted.

### **Background**

Plaintiff's Complaint, dated March 4, 2006, states that he was assaulted by Officer Burburow on August 14, 2005 and September 23, 2005. Another page within the Complaint dated April 4, 2006, states that he was attacked by an unnamed officer on September 20, 2005 and October 14, 2005. Paper No. 1. Plaintiff's complaint does not make any factual allegations against Officer McCoy. *Id.*

### **Standard of Review**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints

---

[1] Also pending are two "Motions" filed by Plaintiff. Paper No. 18 and 19. Plaintiff's Motions are not a picture of clarity. She appears to be inquiring as to the status of this case. Accordingly, the Motions shall be denied without prejudice.

that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

## Analysis

Plaintiff's Complaint fails to state a claim against Lt. McCoy as Plaintiff has not alleged that Lt. McCoy engaged in any activity which violated Plaintiff's civil rights. Rather, Plaintiff has simply named Lt. McCoy in the caption of his complaint. "[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ*. 56 F.Supp. 2d 330, 335 (S.D.N.Y. 1999) (*quoting Morabito v. Blum*, 528 F.Supp. 252, 262 ((S.D.N.Y. 1981)).

## Conclusion

For the foregoing reasons, Defendant McCoy's Motion To Dismiss shall be granted. In light of Plaintiff's status as a pro se incarcerated litigant and the colorable claim he has stated against officer Burburow, this Court has an obligation to assist him in identifying the correct address of this Defendant. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1980); *see also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 554-55 (7th Cir. 1996). Therefore, counsel for Defendant McCoy

is required to provide Officer Burburow's last known home or business address, solely for purposes of service of process. Given obvious confidentiality considerations, personal information regarding Officer Burburow's address shall immediately be placed under seal by the Clerk. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: 3/22/07

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE